[No. A123119. First Dist., Div. Three. Dec. 12, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY MCKNIGHT, Defendant and Appellant.

## Counsel

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Moona Nandi, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SIGGINS, J.**—Timothy McKnight challenges his recommitment as a sexually violent predator (SVP) under Welfare and Institutions Code section 6600 et seq.[1] (SVPA, or the Act). He contends the Act denies him equal protection of the law because persons committed under it are treated more harshly than MDO's (mentally disordered offenders) or persons found not guilty by reason of insanity (NGI's). The recent case of *People v. McKee* (2012) 207 Cal.App.4th 1325 [144 Cal.Rptr.3d 308] (*McKee II*) is dispositive of McKnight's claim. We therefore affirm his recommitment.

## BACKGROUND

This case was last before us in 2010, when we considered and rejected a number of challenges to a petition to extend McKnight's commitment under the SVPA. (*People v. McKnight* (Cal.App.).) However, we remanded the case to the trial court for proceedings on McKnight's equal protection claim consistent with *People v. McKee* (2010) 47 Cal.4th 1172 [104 Cal.Rptr.3d 427, 223 P.3d 566] (*McKee I*). On July 28, 2010, the Supreme Court granted the People's petition for review and transferred this case back to us with directions to vacate our decision and suspend further proceedings pending finality of the proceedings on remand in *McKee I*.

■ Following remand, after a 21-day evidentiary hearing, the trial court in *McKee* found that the People met their burden to justify the disparate treatment of SVP's. The Fourth District Court of Appeal agreed. (*McKee II*, *supra*, 207 Cal.App.4th at p. 1330.) It concluded that SVP's are differently situated than MDO's and NGI's, and their different treatment under the Act is necessary to further compelling state interests. (207 Cal.App.4th at pp. 1347–1348.) "[W]e conclude the People on remand met their burden to present substantial evidence, including medical and scientific evidence, justifying the amended Act's disparate treatment of SVP's (e.g., by imposing indeterminate terms of civil commitment and placing on them the burden to prove they should be released). [Citation.] The People have shown that, 'notwithstanding the similarities between SVP's and MDO's [and NGI's], the former as a class bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society.' [Citation.] The People have shown 'that the inherent nature of the SVP's mental disorder makes recidivism as a class significantly more likely[;] . . . that SVP's pose a greater risk [and

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise designated.

unique dangers] to a particularly vulnerable class of victims, such as children'[;] and that SVP's have diagnostic and treatment differences from MDO's and NGI's, thereby supporting a reasonable perception by the electorate that passed Proposition 83 that the disparate treatment of SVP's under the amended Act is necessary to further the state's compelling interests in public safety and humanely treating the mentally disordered." (*Id.* at p. 1347.) The Supreme Court denied review and *McKee II* is now final.

McKnight argues that *McKee II* does not resolve his equal protection claim. We disagree. He first maintains that he is differently situated from Mr. McKee because he was not convicted of crimes against children. But, as the above quoted passage indicates, the analysis and holding in *McKee II* do not turn on concerns specific to child predators. McKnight also argues the Supreme Court intended that the post-*McKee I* remand would resolve the equal protection issue only as applied to Mr. McKee. This, too, is erroneous. *McKee I* recognized that the People could attempt to justify the Act's disparate impact in a variety of ways, and that these included showing that SVP's as a class are significantly more likely to reoffend than MDO's or NGI's, showing they pose a greater risk to children (in which case the equal protection analysis would apply only to child predators), or by other, unspecified means. (*McKee I, supra*, 47 Cal.4th at p. 1208.) In light of that recognition, the court transferred the multiple "grant and hold" cases under *McKee I*, including this one, to the Courts of Appeal with directions to vacate their prior opinions and suspend further proceedings until the *McKee I* remand proceedings were final, *"in order to avoid an unnecessary multiplicity of proceedings."* (See *People v. Johnson* (Cal.App.); *People v. Riffey* (Cal.App.); *People v. Boyle* (Cal.App.); *People v. Garcia* (Cal.App.); *People v. Glenn* (Cal.App.).) On remand, *McKee* concluded that differences between *SVP's as a class* and other offenders justify their different treatment under the Act. It is plain that *McKee II* is not to be restricted to

Mr. McKee alone or only to those SVP's convicted of crimes against children, like him, but rather its holding applies to the class of SVP's as a whole.

█ We agree with the Fourth Appellate District's equal protection analysis. McKnight's claim that the appellate court failed to independently review the trial court's determination is frivolous. (See *McKee II, supra*, 207 Cal.App.4th at pp. 1339–1347.) We therefore conclude that McKnight's recommitment under the SVPA does not violate his equal protection rights.

## DISPOSITION

The judgment is affirmed.

McGuiness, P. J., and Pollak, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 13, 2013, S208182.