Filed 3/20/13  P. v. Erwin CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOEY RAY ERWIN,<br><br>        Defendant and Appellant. | A132396<br><br>(Solano County<br>Super. Ct. No. FC33794) |

Defendant was committed to an indeterminate term of confinement as a sexually violent predator (SVP). He raises several constitutional challenges to his confinement. We affirm the order of commitment on the basis of existing decisions of the Supreme Court and Courts of Appeal in which these challenges have been resolved against him as a matter of law.

**Discussion**[1]

Following a jury trial in May 2011, defendant was found to be an SVP, and committed by the trial court to an indeterminate term. Defendant contends that his commitment for an indeterminate term is unconstitutional in that it violates the equal protection, due process, ex post facto, and double jeopardy provisions of the California and the United States Constitutions. As defendant acknowledges, the issues he raises have been decided against him by our Supreme Court in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*) and by this and other appellate courts. (See *People v. McKee*

---

[1] Because defendant raises no procedural or evidentiary errors on appeal, the details of the commitment proceeding are not pertinent.

1

(2012) 207 Cal.App.4th 1325, 1330–1331 (*McKee II*); *People v. McCloud* (2013) 213 Cal.App.4th 1076; *People v. McKnight* (2012) 212 Cal.App.4th 860, 864 [agreeing with the Fourth Appellate District's equal protection analysis in *McKee II*].)

In *McKee*, the California Supreme Court found that the indeterminate term of commitment prescribed by the SVP statute potentially violates the equal protection clause. The court found that SVP's are similarly situated with individuals found not guilty by reason of insanity (NGIs) and mentally disordered offenders (MDOs) for equal protection purposes and remanded the matter to the trial court for a hearing to determine whether the People could justify "the differences between SVP and NGI commitment statutes." (*McKee I, supra,* 47 Cal.4th at p. 1207.) Following remand, after a 21-day evidentiary hearing, the trial court found that the People met their burden to justify the disparate treatment of SVP's. (*McKee II*, *supra*, 207 Cal.App.4th at p. 1330.) The Fourth Appellate District affirmed. "[W]e conclude the People on remand met their burden to present substantial evidence, including medical and scientific evidence, justifying the amended Act's disparate treatment of SVP's (e.g., by imposing indeterminate terms of civil commitment and placing on them the burden to prove they should be released). [Citation.] The People have shown that, 'notwithstanding the similarities between SVP's and MDO's [and NGI's], the former as a class bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society.' [Citation.] The People have shown 'that the inherent nature of the SVP's mental disorder makes recidivism as a class significantly more likely[;] . . . that SVP's pose a greater risk [and unique dangers] to a particularly vulnerable class of victims, such as children'[;] and that SVP's have diagnostic and treatment differences from MDO's and NGI's, thereby supporting a reasonable perception by the electorate that passed Proposition 83 that the disparate treatment of SVP's under the amended Act is necessary to further the state's compelling interests in public safety and humanely treating the mentally disordered." (*Id*. at p. 1347.) The Supreme Court denied review and *McKee II* is now final.

Defendant severely criticizes the reasoning and result in *McKee II*, but we concur with the court's reasoning and holding. (*People v. McKnight*, *supra*, 212 Cal.App.4th at p. 864.)

Defendant also argues that *McKee II* should apply only to McKee and that he "should not be bound by the litigation process and evidence in *McKee II* when he had no say in how the case would be presented." The procedural history in *McKee*, however, indicates the California Supreme Court's intention that the proceedings in *McKee* would resolve the issue as a matter of law for all SVPs, not merely for the defendant in that case. Specifically, on May 2010, when the Supreme Court transferred to the Courts of Appeal numerous cases in which review had been granted and held pending its decision in *McKee*, the court advised, "In order to avoid unnecessary multiplicity of proceedings, the court is additionally directed to suspend further proceedings pending finality of the proceedings on remand in *McKee*, . . . including any proceeding in the Superior Court of San Diego County in which *McKee* may be consolidated with related matters. 'Finality of the proceedings' shall include the finality of any subsequent appeal and any proceedings in this court." (See, e.g., *People v. Johnson*, review granted Aug. 13, 2008, S164388; *People v. Riffey*, review granted Aug. 20, 2008, S164711; *People v. Boyle*, review granted Oct. 1, 2008, S166167; *People v. Garcia*, review granted Oct. 16, 2008, S166682; *People v. Glenn*, review granted Feb. 10, 2010, S178140.) In light of the Supreme Court's denial of review in *McKee II*, we conclude that defendant's recommitment under the SVPA does not violate his equal protection rights.

Defendant acknowledges that his remaining constitutional arguments were rejected in *McKee*, *supra*, 47 Cal.4th at pages 1188-1193, 1193-1195, and that they are not subject to review in this court. As requested, his arguments are noted for the record.

**Disposition**

Defendant's order of commitment is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.