Filed 4/10/13  P. v. Ward CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054822 |
| v. | (Super.Ct.No. RIC298511) |
| RONALD WILLIAM WARD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and William M. Wood and Bradley A. Weinreb, for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendant Ronald William Ward appeals from his indeterminate commitment as a sexually violent predator (SVP) under Welfare and Institutions Code[1] section 6600 et seq.  He contends his indeterminate commitment term violates his constitutional rights to due process and equal protection, as well as the ex post facto clause.  We find no error, and we affirm.

## II.  FACTS AND PROCEDURAL BACKGROUND

Defendant does not challenge the evidence to support his civil commitment, so we set forth the underlying facts summarily:  Defendant has prior convictions for five counts of lewd conduct with a child in 1985 and one prior conviction of forcible lewd conduct with a child in 1981.  Defendant was also convicted of forcible rape in 1978.  In 1997, defendant was committed under the Sexually Violent Predator Act (SVPA) (§ 6600 et seq.) and was subsequently recommitted several times.

In April 2005 and March 2007, the People filed petitions to recommit defendant under the SVPA.  Defendant was evaluated in 2010 and 2011, and in the evaluators' opinions, defendant had a history of depression and substance abuse, as well as a mental disorder of paraphilia and an antisocial personality disorder, among other conditions.  Risk assessment tests showed defendant to be at a high or moderately high risk of reoffending.

---

[1]  All further statutory references are to the Welfare and Institutions Code.

Following trial on the petitions in August 2011, the jury found the petitions true. However, the trial court suspended proceedings because the question whether the SVPA violated equal protection was pending in the appellate court on remand from the California Supreme Court. (See *People v. McKee* (2010) 47 Cal.4th 1172, 1211 (*McKee I*). Meanwhile, the trial court ordered defendant detained at Coalinga State Hospital, and defendant filed a notice of appeal. This court stayed the appeal pending final disposition of the petitions in the trial court.

In July 2012, the Court of Appeal issued its decision in *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*), and thereafter, proceedings were resumed in the trial court. On August 12, the trial court imposed a civil commitment on defendant under section 6600 et seq. In September 2012, this court lifted the stay of the appeal.

### III. DISCUSSION

The SVPA provides for civil commitment of a person "who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior. (§ 6600, subd. (a).) In 2006, the SVPA was amended by Proposition 83. As relevant to this appeal, the commitment to a state mental hospital was changed from a renewable two-year commitment to an indeterminate term. (§ 6604; see also generally *Bourquez v. Superior Court* (2007) 156 Cal.App.4th 1275, 1280-1282.)

### A. Due Process Challenge

Defendant asserts that his involuntary commitment under the amended SVPA violates his constitutional right to due process. In *McKee I*, the California Supreme Court rejected the defendant's due process challenge to the application of Proposition 83 to persons whose original commitment petition preceded the enactment of the amendment. (*McKee I*, *supra*, 47 Cal.4th at pp. 1188-1193.) Defendant acknowledges that we are bound by the court's holding. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

### B. Ex Post Facto Challenge

Defendant asserts that his involuntary commitment under the amended SVPA violates the constitutional prohibition against ex post facto laws. In *McKee I*, the court rejected an ex post facto challenge to the amended SVPA. (*McKee I*, *supra*, 47 Cal.4th at pp. 1193-1195.) Defendant acknowledges that we are bound by the court's holding. (*Auto Equity Sales, Inc. v. Superior Court*, *supra*, 57 Cal.2d at p. 455.)

### C. Equal Protection Challenge

Defendant asserts that his involuntary commitment under the SVPA violates his federal constitutional right to equal protection of the laws because the amended SVPA treats SVP's less favorably than individuals civilly committed under other statutory schemes such as those applicable to mentally disordered offenders (MDO's)and persons not guilty by reason of insanity (NGI's). In *McKee I*, the defendant raised a similar challenge, and the California Supreme Court remanded the matter for an evidentiary hearing to determine whether, under a strict scrutiny standard, the People could establish

4

that disparate treatment was necessary to further a compelling state interest. On remand, the trial court conducted a 21-day evidentiary hearing and concluded the People had met their burden. In *McKee II*, the appellate court affirmed the trial court's conclusion.

Defendant argues, however, that the *McKee II* court's holding applied only to McKee himself, because the court conducted a sufficiency of the evidence review, and equal protection challenges against the SVPA must be adjudicated on a "case specific, 'as applied' basis." We disagree. The *McKee II* court held that SVP's, as a class, are differently situated than MDO's and NGI's, and differing treatment of those groups is necessary to further compelling state interests. (*McKee II*, *supra*, 207 Cal.App.4th at pp. 1347-1348.) Specifically, the court concluded that "the People on remand met their burden to present substantial evidence, including medical and scientific evidence, justifying the amended Act's disparate treatment of SVP's (e.g., by imposing indeterminate terms of civil commitment and placing on them the burden to prove they should be released). [Citation.] The People have shown that, 'notwithstanding the similarities between SVP's and MDO's [and NGI's], the former *as a class* bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society.' [Citation.] The People have shown 'that the inherent nature of the SVP's mental disorder makes recidivism *as a class* significantly more likely[;] . . . that SVP's pose a greater risk [and unique dangers] to a particularly vulnerable class of victims, such as children'; and that SVP's have diagnostic and treatment differences from MDO's and NGI's, thereby supporting a reasonable perception by the electorate that passed Proposition 83 that the

5

disparate treatment of SVP's under the amended [SVPA] is necessary to further the state's compelling interests in public safety and humanely treating the mentally disordered. [Citation.]" (*Id*. at p. 1347; italics added.) The court's language made plain that its holding applied not only to the defendant in that case, but also to the entire class of SVP's. (See also *People v. McKnight* (2012) 212 Cal.App.4th 860, 863-864 [agreeing with *McKee II*'s equal protection analysis].)

We agree with and adopt the *McKee II* court's analysis and holding. We therefore conclude that defendant's recommitment under the SVPA did not violate his equal protection rights.

## IV. DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

                                                          HOLLENHORST          
                                                                    Acting P. J.

We concur:

      RICHLI                    
                        J.

      CODRINGTON          
                        J.

6