Filed 9/17/13  P. v. Stafford CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM CHARLES STAFFORD,<br><br>    Defendant and Appellant. | D063088<br><br><br><br>(Super. Ct. No. MH101330) |

APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Ron Boyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Bradley Weinreb and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

William Charles Stafford was recommitted for an indeterminate term to the custody of the State Department of Mental Health (DMH), now the State Department of State Hospitals, under the Sexually Violent Predator Act (SVPA). (Welf. & Inst. Code, § 6600 et seq.) Stafford appeals, contending that treating sexually violent predators (SVP's) differently from mentally disordered offenders (MDO's) and those persons found not guilty by reason of insanity (NGI's) violates his constitutional right to equal protection. We have considered this argument in light of our Supreme Court's opinion in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*), and this court's final opinion on remand in the same case, *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*). Based on these opinions, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2001 Stafford was first committed as an SVP under the SVPA.[1] Court proceedings in 2003 and 2006 extended his commitment through August 2007. In June 2007 the district attorney filed the current commitment proceeding, seeking to extend Stafford's commitment as an SVP for an indeterminate term.[2] In 2009 a jury found

---

[1] A juvenile court found true allegations that Stafford committed forcible rape in 1968. Stafford was convicted of multiple sex offenses with multiple victims in the 1970's, and in 1989 he pleaded guilty to forcible rape, forced oral copulation, and robbery, and admitted allegations he kidnapped the first victim for the purpose of committing a sexual offense.

[2] In November 2006 California voters passed Proposition 83, entitled "The Sexual Predator Punishment and Control Act: Jessica's Law" amending the SVPA effective November 8, 2006. (*McKee I*, *supra*, 47 Cal.4th at p. 1183.) Proposition 83 changed an SVP commitment from a two-year term to an indefinite commitment and shifted the burden of proof for release to the SVP (*id.* at pp. 1183-1184), unless the DMH authorizes

Stafford should be subject to involuntary commitment for an indeterminate term under the SVPA.

Stafford appealed the 2009 commitment order on several grounds. We rejected Stafford's contentions, except for his challenge to the indeterminate commitment on equal protection grounds. Based on *McKee I*, which held that the 2006 amendments to the SVPA may violate equal protection (*McKee I*, *supra*, 47 Cal.4th at p. 1184), we reversed in part and remanded to the trial court with directions to suspend further proceedings pending finality of the proceedings on remand in *McKee I*.[3] In July 2012 we issued our opinion in *McKee II*, upholding the constitutionality of the amended SVPA on equal protection grounds. The Supreme Court denied review (*McKee II*, *supra*, 207 Cal.App.4th 1325, review den. Oct. 10, 2012, S204503) rendering the opinion final, and the trial court subsequently re-imposed the order for Stafford to be committed to an indeterminate term.

---

a petition for release (*id.* at p. 1187). In contrast, an MDO is committed for a one-year period and thereafter has the right to be released unless the People prove beyond a reasonable doubt that he or she should be recommitted for another year. (Pen. Code, § 2972.)

[3] The Supreme Court remanded in *McKee I* for an evidentiary hearing on whether disparate treatment for SVP's is justified. The court transferred "grant and hold" cases under *McKee I* to the Courts of Appeal with directions to vacate their prior opinions and reconsider in light of *McKee I*. The order expressed a desire to avoid unnecessary multiplicity of proceedings and directed this court to suspend further proceedings pending finality of the proceedings in *McKee I*.

DISCUSSION

Stafford's constitutional argument focuses on whether the amended SVPA violates equal protection. In *McKee I*, the Supreme Court held the SVPA is subject to equal protection analysis because it "treats SVP's significantly less favorably than those similarly situated individuals civilly committed under other statutes" including MDO's and NGI's. (*McKee I*, *supra*, 47 Cal.4th at pp. 1196, 1203, 1207.) Since individuals within each of these categories "have the same interest at stake—the loss of liberty through involuntary civil commitment—it must be the case that when society varies the standard and burden of proof for SVP's . . . , it does so because of the belief that the risks involved with erroneously freeing SVP's from their commitment are significantly greater than the risks involved with freeing" other civil committees. (*Id.* at p. 1204.)

The Supreme Court remanded the case for a hearing on whether the People could justify disparate treatment for SVP's. The court instructed: "It must be shown that, notwithstanding the similarities between SVP's and [other civil committees], the former as a class bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society. This can be shown in a variety of ways. For example, it may be demonstrated that the inherent nature of the SVP's mental disorder makes recidivism as a class significantly more likely. Or it may be that SVP's pose a greater risk to a particularly vulnerable class of victims, such as children. . . . Or the People may produce some other justification." (*McKee I*, *supra*, 47 Cal.4th at p. 1208, fn. omitted.)

4

After remand, the superior court conducted a 21-day evidentiary hearing on the justification of disparate treatment for SVP's and concluded the People had met their burden. On appeal, we reviewed the matter de novo. (*McKee II*, *supra*, 207 Cal.App.4th at p. 1338.) "When a constitutional right, such as the right to liberty from involuntary confinement, is at stake, the usual judicial deference to legislative findings gives way to *an exercise of independent judgment* of the facts to ascertain whether the legislative body ' "has drawn reasonable inferences based on substantial evidence." ' " (*McKee I*, *supra*, 47 Cal.4th at p. 1206, italics added.) In *McKee II*, we concluded "[t]he People have shown 'that the inherent nature of the SVP's mental disorder makes recidivism as a class significantly more likely[;] . . . that SVP's pose a greater risk [and unique dangers] to a particularly vulnerable class of victims, such as children'; and that SVP's have diagnostic and treatment differences from MDO's and NGI's, thereby supporting a reasonable perception by the electorate . . . that the disparate treatment of SVP's under the amended [SVPA] is necessary to further the state's compelling interests in public safety and humanely treating the mentally disordered." (*McKee II*, *supra*, 207 Cal.App.4th at p. 1347.) The Supreme Court denied a petition for review, making *McKee II* final. (*McKee II,* review den. Oct. 10, 2012, S204503.)

This court has, of course, followed *McKee II*, and other Courts of Appeal have as well. (See, e.g., *People v. McDonald* (2013) 214 Cal.App.4th 1367, 1376-1382; *People v. Landau* (2013) 214 Cal.App.4th 1, 47-48; *People v. McCloud* (2013) 213 Cal.App.4th 1076, 1085-1086; *People v. McKnight* (2012) 212 Cal.App.4th 860, 863-864.) While it is

5

clear Stafford believes the evidence relied on in *McKee II* is insufficient to justify disparate treatment of SVP's, we have carefully evaluated it and conclude otherwise.

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

6