Filed 10/7/13  P. v. Jennings CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE, | C072779 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F3927) |
| v. | |
| PAUL FRANCIS JENNINGS, | |
| Defendant and Appellant. | |

A jury found defendant Paul Francis Jennings was a sexually violent predator (SVP) within the meaning of the Sexually Violent Predators Act (Welf. & Inst. Code, § 6600 et seq.; hereafter SVPA)[1] and the trial court committed him to the State Department of State Hospitals (formerly the State Department of Mental Health) for an indeterminate term.[2]

---

[1] References to undesignated sections are to the Welfare and Institutions Code.

[2] Proposition 83, passed by the voters at the November 7, 2006, General Election, amended sections of the SVPA by changing the term of commitment for an SVP from two years to an indeterminate term.

1

Defendant appealed (case No. C066227), contending the indefinite commitment violated due process, equal protection, and the protection against ex post facto laws.[3] In January 2012 we filed our opinion in case No. C066227, rejecting his due process and ex post facto arguments because these arguments had been decided adversely to him by the California Supreme Court in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*).

However, as to the equal protection argument, *McKee I* held that for equal protection purposes SVP's were similarly situated to mentally disordered offenders (MDO's) and to persons found not guilty by reason of insanity (NGI's) regarding the length of their commitments (one year for MDO's, two years for NGI's). (*McKee I, supra*, 47 Cal.4th at pp. 1203-1207.) *McKee I* remanded the matter to the San Diego County Superior Court to afford the People the opportunity to justify the disparate treatment, a point which had not been addressed by the trial court. (*Id.* at pp. 1208-1211.)

After an evidentiary hearing the San Diego County Superior Court determined the People had met their burden of justifying the disparate treatment. That determination was upheld on appeal by the Fourth District Court of Appeal in *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*).[4] In October 2012 *McKee II* became final when the California Supreme Court denied review.

Consistent with *McKee I* remands in other cases, we reversed the judgment in case No. C066227 and remanded the case to the trial court for reconsideration of defendant's

---

[3] We take judicial notice of the records in defendant's prior appeal, case No. C066227. (Evid. Code, § 452, subd. (d).)

[4] *McKee II* "conclude[d] the trial court correctly found the People presented substantial evidence to support a reasonable perception by the electorate that SVP's present a substantially greater danger to society than do MDO's or NGI's, and therefore the disparate treatment of SVP's under the [SVPA] is necessary to further the People's compelling interests of public safety and humane treatment of the mentally disordered." (*Id.* at pp. 1330-1331.)

equal protection argument. Also in light of *McKee I*, we directed the trial court to suspend further proceedings in this case pending finality of the proceedings on remand to the trial court in *McKee I*.

## Equal Protection Hearing in the Trial Court

At the hearing in the trial court on defendant's equal protection claim, no motions were filed and no evidence was taken, the equal protection issue was simply argued. Defendant argued *McKee II* should not be followed because defendant had no opportunity to present his own witnesses or cross-examine the People's witnesses, and that the court in *McKee II* had failed to apply the required strict scrutiny standard. After hearing argument, the trial court found *McKee II's* logic compelling and rejected defendant's equal protection position.

## Defendant's Contention on Appeal

Defendant argues that we should not follow *McKee II* because, for various reasons, the case was wrongly decided. Even if we were to agree with defendant, which we do not, to do as he requests would be contrary to the California Supreme Court's clear intent in remanding the case to the trial court for an evidentiary hearing. As observed in *People v. McKnight* (2012) 212 Cal.App.4th 860 (*McKnight*), (review den. Mar. 13, 2013, S208182): "McKnight also argues the Supreme Court intended that the post-*McKee I* remand would resolve the equal protection issue only as applied to Mr. McKee. This, too, is erroneous. *McKee I* recognized that the People could attempt to justify the [SVPA]'s disparate impact in a variety of ways, and that these included showing that SVP's as a class are significantly more likely to reoffend than MDO's or NGI's, showing they pose a greater risk to children (in which case the equal protection analysis would apply only to child predators), or by other, unspecified means. [Citation.] In light of that recognition, the court transferred the multiple 'grant and hold' cases under *McKee I*, including this one, to the Courts of Appeal with directions to vacate their prior opinions and suspend further proceedings until the *McKee I* remand proceedings were final, 'in

3

order to avoid an unnecessary multiplicity of proceedings.' (See *People v. Johnson* [(review granted Aug. 13, 2008, S164388)]; *People v. Riffey* [(review granted Aug. 20, 2008, S164711)]; *People v. Boyle* [(review granted Oct. 1, 2008, S166167)]; *People v. Garcia* [(review granted Oct. 16, 2008, S166682)] *People v. Glenn* [(review granted Feb. 10, 2010, S178140)].) On remand, *McKee* concluded that differences between SVP's *as a class* and other offenders justify their different treatment under the [SVPA]. It is plain that *McKee II* is not to be restricted to Mr. McKee alone or only to those SVP's convicted of crimes against children, like him, but rather its holding applies to the class of SVP's as a whole." (*McKnight, supra,* 212 Cal.App.4th at pp. 863-864, fns. omitted; in accord *People v. McDonald* (2013) 214 Cal.App.4th 1367, 1378.)

We agree with *McKnight's* analysis, hence we reject defendant's position.

### Disposition

The order committing Paul Francis Jennings to the State Department of State Hospitals for an indeterminate term is affirmed.

     BLEASE     , Acting P. J.


We concur:


     ROBIE     , J.


     MAURO     , J.