Filed 7/25/14  P. v. Sims CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>RANDY SIMS,<br><br>        Defendant and Appellant. | F066691<br><br>(Super. Ct. No. 07CRSP678513)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Edward Sarkisian, Jr., Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Leanne Le Mon, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Cornell, Acting P.J., Kane, J. and Franson, J.

## INTRODUCTION

In *People v. Sims* (July 26, 2010, F057352) (nonpub. opn.), this court affirmed the order for commitment finding appellant Randy Sims to be a sexually violent predator (SVP) pursuant to the Sexually Violent Predators Act (SVPA; Welf. & Inst. Code, § 6600 et seq.); however, we remanded the case to the trial court for consideration of Sims's argument that an indefinite commitment violates equal protection. Subsequently, the trial court ordered Sims committed for an indefinite term as an SVP.

Sims appeals the indefinite commitment, contending it violates equal protection. We will affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

On October 1, 2013, this court took judicial notice of its opinion filed in case No. F057352, *supra*. A brief summary of facts and procedural history is taken from that opinion.

Sims pled guilty to violating Penal Code section 288, subdivision (a), and was incarcerated at Wasco State Prison. While incarcerated, a petition to civilly commit him as an SVP was filed. On March 16, 2009, a jury found Sims to be an SVP. The trial court ordered him civilly committed under the SVPA for an indefinite term.

Sims appealed his commitment on numerous grounds, including that an indefinite commitment term violated equal protection. We affirmed the order committing Sims as an SVP, except as to the indefinite term. This court directed further proceedings be suspended pending finality of the proceedings on remand in the case of *People v. McKee* (2010) 47 Cal.4th 1172, 1208-1210 (*McKee I*).

On July 24, 2012, the Fourth District Court of Appeal, Division One, issued its decision on remand in *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*), and the California Supreme Court denied review on October 10, 2012 (S204503).

On January 11, 2013, the trial court again ordered commitment of Sims as an SVP for an indeterminate term. At that hearing, defense counsel objected to the indeterminate term on equal protection and due process grounds.

Sims appeals from the indefinite commitment, contending it violates equal protection.

## DISCUSSION

The sole contention on appeal is that the SVPA violates equal protection. Sims urges this court to reject the analysis and holding of *McKee II* and reach a contrary conclusion, contending *McKee II* misapplied the strict scrutiny test. We reject his contention.

Sims asserts the indeterminate commitment violates his constitutional right to equal protection of the laws under the United States and California Constitutions. He preserved his equal protection challenge by raising an objection in the trial court. In *McKee I*, the Supreme Court rejected assertions that the indeterminate commitment violated a defendant's right to due process (U.S. Const., 14th Amend.) or the ex post facto clause of the United States Constitution (U.S. Const., art. I, § 10). (*McKee I, supra,* 47 Cal.4th at pp. 1184, 1193, 1195.)

When addressing the equal protection argument in *McKee I*, however, the California Supreme Court concluded defendants committed under the SVPA are similarly situated for equal protection purposes with defendants committed under the Mentally Disordered Offender Act and defendants found to be not guilty by reason of insanity, and sexually violent predators were treated differently because they received an indefinite commitment. Our Supreme Court concluded that such disparate treatment would not violate the equal protection clause if the People could demonstrate that sexually violent predators posed a substantially greater risk to society than mentally disordered offenders or defendants found to be not guilty by reason of insanity. (*McKee I,* 47 Cal. 4th at pp. 1203, 1207-1208). Accordingly, our Supreme Court remanded the case to the trial

3.

court to provide the People with a chance to demonstrate justification for imposing on sexually violent predators a greater burden to obtain release from commitment. (*Id*. at pp. 1208-1209.)

Shortly after the opinion in *McKee I* became final, the California Supreme Court remanded to the appellate courts numerous cases in which it had granted review, but deferred consideration until *McKee I* was resolved. This order stated, in part, "In order to avoid an unnecessary multiplicity of proceedings, the court is additionally directed to suspend further proceedings pending finality of the proceedings on remand in *McKee* …, including any proceeding in the Superior Court of San Diego County .… 'Finality of the proceedings' shall include the finality of any subsequent appeal and any proceedings in this court." (*People v. Garcia,* review granted Oct. 16, 2008, S166682, transferred on May 20, 2010, to Court of Appeal, Fifth Appellate District, with directions.) The clear import of this order was to permit *McKee I* to remain the lead case on the question of whether the indeterminate commitment of sexually violent predators violated a defendant's constitutional right to equal protection of the laws.

The San Diego County Superior Court held a 21-day evidentiary hearing to permit the People the opportunity to demonstrate the disparate treatment of sexually violent predators was necessary; McKee appealed after the trial court concluded there was no equal protection violation. (*McKee II,* 207 Cal.App.4th at p. 1330.) In *McKee II*, the appellate court affirmed the trial court's conclusion that the People had met their burden to justify the disparate treatment of sexually violent predators. (*Id*. at p. 1348.) The appellate court's opinion became final when the California Supreme Court denied McKee's petition for review on October 10, 2012.

Sims asserts the decision in *McKee II* was wrongly decided and asks us to deviate from *McKee II* by issuing an opinion concluding his right to equal protection of the law was violated. If the appellate court in *McKee II* reached the wrong result, the proper venue for evaluating the issue is the California Supreme Court through a petition for

4.

review.  (2 Witkin, Cal. Procedure (5th ed. 2008) Courts, § 329, p. 420.)  When the Supreme Court denied review in *McKee II,* the opportunity to challenge the opinion in the state court system ended.  This is especially significant in this case where the Supreme Court had, in essence, designated *McKee I* as the lead case to address this issue.  Undoubtedly, the decision to deny review in *McKee II* was approval of the appellate court's decision.

We also note that two other cases in the Fourth District, *People v. McDonald* (2013) 214 Cal.App.4th 1367 and *People v. Landau* (2013) 214 Cal.App.4th 1, have agreed with *McKee II* and concluded there was no violation of the right to equal protection of the laws from an indefinite term.  The First District Court of Appeal, Division Three, reached the same conclusion in *People v. McKnight* (2012) 212 Cal.App.4th 860 and followed *McKee II* in upholding an indefinite SVPA commitment against an equal protection challenge.  (*McKnight,* at pp. 863-864.)

Sims has cited no evidence, i.e., facts in the record, that would take his case outside the holding of *McKee II, McDonald, Landau,* or *McKnight.*  Accordingly, we reject the assertion that Sims's right to equal protection was violated.

**DISPOSITION**

The judgment is affirmed.