Filed 1/26/15  P. v. Lombardi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071358 |
| Plaintiff and Respondent, | (Super. Ct. No. 93F06843) |
| v. | |
| JOHN HERBERT LOMBARDI, | |
| Defendant and Appellant. | |

On March 19, 2012, following a court trial, defendant John Herbert Lombardi, found to be a sexually violent predator (SVP) within the meaning of the Sexually Violent Predator Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.), was committed to the State Department of Mental Health (now designated as State Department of State Hospitals)[1] for an indeterminate term.  On appeal, defendant contends the indeterminate commitment violates his constitutional right to equal protection because he is similarly situated to

---

[1]  See Stats. 2012, ch. 24, § 63, effective June 27, 2012.

mentally disordered offenders (MDO's) and persons found not guilty by reason of insanity (NGI's), who receive determinate terms, and that this disparity in treatment is not constitutionally justifiable. We shall affirm the order of commitment. In supplemental briefing, defendant contends that recent amendments to the SVPA violate his due process rights under *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*). We do not address the claim because defendant cannot show the amendments have been or will be applied to him.

## LAW REGARDING INDEFINITE COMMITMENT

Proposition 83, passed by the voters at the November 7, 2006, general election, amended Welfare and Institutions Code section 6604 by changing the commitment of SVP's from two years to an indeterminate term. (*Bourquez v. Superior Court* (2007) 156 Cal.App.4th 1275, 1281.) In *McKee I*, *supra*, 47 Cal.4th 1172, the California Supreme Court addressed whether the amendment violated a defendant's federal or state constitutional rights under the due process, ex post facto, and equal protection clauses. (*McKee I*, at p. 1185.) The Supreme Court concluded the amendment did not violate either the due process or the ex post facto clause. (*McKee I*, at pp. 1193-1195.)

However, as to equal protection, *McKee I* held that SVP's were similarly situated to MDO's and to NGI's regarding the length of their commitments (one year for MDO's, two years for NGI's). (*McKee I*, *supra*, 47 Cal.4th at pp. 1203-1207.) *McKee I* remanded the matter to the San Diego County Superior Court to afford the People the opportunity to justify the disparate treatment, a point which had not been addressed by the trial court. (*Id*. at pp. 1208-1211.)

Following an evidentiary hearing, the trial court determined the People had met their burden of justifying the disparate treatment, and that determination was upheld by the Fourth District Court of Appeal in *People v. McKee* (2012) 207 Cal.App.4th 1325

2

(*McKee II*), filed July 24, 2012.[2]  On October 10, 2012, *McKee II* became final when the California Supreme Court denied review (S162823).

## DEFENDANT'S ARGUMENT ON APPEAL

Defendant argues, as he did in the trial court, that we should not follow *McKee II* because he has not been given the opportunity to present his own case on the equal protection issue and because *McKee II* used the wrong standard for review.  Not only do we agree with the reasoning in *McKee II*, but to not follow *McKee II* would be contrary to the California Supreme Court's clear intent in remanding *McKee I* to the trial court for an evidentiary hearing on whether the People could make a showing justifying the disparate treatment.  As noted by *People v. McKnight* (2012) 212 Cal.App.4th 860, review den. Mar. 13, 2013, S208182 (*McKnight*) in rejecting the same argument made by defendant herein:  "McKnight also argues the Supreme Court intended that the post-*McKee I* remand would resolve the equal protection issue only as applied to Mr. McKee.  This, too, is erroneous.  *McKee I* recognized that the People could attempt to justify the [SVPA's] disparate impact in a variety of ways, and that these included showing that SVP's as a class are significantly more likely to reoffend than MDO's or NGI's, showing they pose a greater risk to children (in which case the equal protection analysis would apply only to child predators), or by other, unspecified means.  [Citation.]  In light of that recognition, the court transferred the multiple 'grant and hold' cases under *McKee I*, including this one, to the Courts of Appeal with directions to vacate their prior opinions and suspend further proceedings until the *McKee I* remand proceedings were final, '*in*

---

[2] *McKee II* "conclude[d] the trial court correctly found the People presented substantial evidence to support a reasonable perception by the electorate that SVP's present a substantially greater danger to society than do MDO's and NGI's, and therefore the disparate treatment of SVP's under the Act is necessary to further the People's compelling interests of public safety and humane treatment of the mentally disordered." (*McKee II*, *supra*, 207 Cal.App.4th at pp. 1330-1331.)

*order to avoid an unnecessary multiplicity of proceedings*.' (See *People v. Johnson* [review granted Aug. 13, 2008, S164388]; *People v. Riffey* [review granted Aug. 20, 2008, S164711]; *People v. Boyle* [review granted Oct. 1, 2008, S166167]; *People v. Garcia* [review granted Oct. 16, 2008, S166682]; *People v. Glenn* [review granted Feb. 10, 2010, S178140].) On remand, *McKee* concluded that differences between *SVP's as a class* and other offenders justify their different treatment under the [SVPA]. It is plain that *McKee II* is not to be restricted to Mr. McKee alone or only to those SVP's convicted of crimes against children, like him, but rather its holding applies to the class of SVP's as a whole." (*McKnight, supra*, 212 Cal.App.4th at pp. 863-864, fns. omitted; accord, *People v. McDonald* (2013) 214 Cal.App.4th 1367, 1378.)

The Supreme Court's direction in its orders of remand that to "avoid an unnecessary multiplicity of proceedings" trial courts were to await the finality of *McKee I* was a clear indication by the court that the proceedings in *McKee I* would resolve the issue as a matter of law for all SVP's and not just for defendant McKee.

Consequently, we reject defendant's argument.**3**

### DEFENDANT'S SUPPLEMENTAL BRIEFING

Defendant also requests that we consider recent amendments to the SVPA enacted by Senate Bill No. 295 (2013-2014 Reg. Sess.), which added Welfare and Institutions Code section 6604.9 and amended Welfare and Institutions Code sections 6605 and 6608, concerning conditional release and/or unconditional discharge. Defendant claims that these "changes to the SVP law cause the law to now violate [defendant's] due process rights under the analysis of the California Supreme Court in *McKee I*."

---

**3** Defendant also contends the amendment violated the constitutional protection provided by the due process, ex post facto, and double jeopardy clauses. Defendant acknowledges the California Supreme Court has rejected his argument on these issues in *McKee I*, but he raises the issues here to preserve them for future federal review. We consider the issues raised and we reject them.

4

This same contention was recently addressed in *People v. Gray* (2014) 229 Cal.App.4th 285 (review den. Nov. 12, 2014, S221708) (*Gray*) under circumstances similar to those herein. The court declined to review the contention, stating: "We are concerned with the constitutionality of the SVPA as it existed when [defendant] was adjudged an SVP, not the statutory scheme as it may or may not be applied to [defendant] in the future." (*Gray*, at p. 292.) Likewise, the court was not persuaded by the defendant's argument that "the issue is ripe for review because of the reliance placed by *McKee I* on the availability of relief under section 6608 as it then stood." (*Gray*, at p. 292, fn. 17.)

*Gray*'s analysis is equally applicable to defendant herein and we adopt it.

## DISPOSITION

The order committing John Herbert Lombardi to the State Department of State Hospitals for an indeterminate term is affirmed.

        RAYE        , P. J.

We concur:

    NICHOLSON    , J.

    MAURO    , J.