Filed 5/13/15  P. v. Roddan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C075789 |
| Plaintiff and Respondent, | (Super. Ct. No. 18392C) |
| v. | |
| BRIAN RODDAN, | |
| Defendant and Appellant. | |

On March 12, 2010, defendant Brian Roddan was found to be a sexually violent predator (SVP) within the meaning of the Sexually Violent Predator Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.)[1] and was committed for an indeterminate term to the State Department of Mental Health (now designated as State Department of State Hospitals). He appealed (C064635), contending the indefinite commitment violated his constitutional due process and equal protection rights and the guarantees against double jeopardy and ex post facto laws.  We rejected all but the equal protection claim because the California

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

Supreme Court's decision in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*) expressly rejected the due process and ex post facto claims and effectively rejected the double jeopardy argument by finding the SVPA was nonpunitive. (*Id.* at pp. 1193-1195.)

As to equal protection, *McKee I* held that SVP's were similarly situated to mentally disordered offenders (MDO's) and to persons found not guilty by reason of insanity (NGI's) regarding the length of their commitments (one year for MDO's, two years for NGI's). (*McKee I, supra*, 47 Cal.4th at pp. 1203-1207.) *McKee I* remanded the matter to the San Diego Superior Court to afford the People the opportunity to justify the disparate treatment, a point which had not been addressed by the trial court. (*Id.* at pp. 1208-1211.)

In conformity with the Supreme Court's directive in *McKee I*, we reversed our judgment in defendant's appeal, remanded the matter to the trial court with directions to reconsider defendant's equal protection argument but only after the resolution of defendant McKee's case in the San Diego Superior Court had become final. The San Diego Superior Court conducted an evidentiary hearing and concluded the People had justified the disparate treatment and that determination was upheld by the Fourth District Court of Appeal in *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*). *McKee II* "conclude[d] the trial court correctly found the People presented substantial evidence to support a reasonable perception by the electorate that SVP's present a substantially greater danger to society than do MDO's or NGI's, and therefore the disparate treatment of SVP's under the Act is necessary to further the People's compelling interests of public safety and humane treatment of the mentally disordered." (*McKee II, supra*, 207 Cal.App.4th at pp. 1330-1331.)

*McKee II* became final on October 10, 2012, when the California Supreme Court denied review (S162823). On December 16, 2013, the trial court reinstated its March 12, 2010 order committing defendant to the State Department of State Hospitals for an indeterminate period.

Defendant again appeals, contending that (1) Senate Bill No. 295's amendments to the SVPA, effective January 1, 2014 (see Senate Bill No. 295 (2013-2014 Reg. Sess.)), render *McKee I's* due process analysis invalid and now violate his due process rights, and (2) this court should not follow the holding in *McKee II* and, instead, should find that the SVPA violates his equal protection rights. We decline to consider defendant's first contention because it is not ripe for adjudication, and we reject defendant's second contention because the California Supreme Court made clear in *McKee I*, that it intended the holding of *McKee II* to be binding on all the courts of the state.

DISCUSSION

I

The amendments to the SVPA by Senate Bill No. 295 relate to conditional release and/or unconditional discharge of SVP's. Senate Bill No. 295 added section 6604.9 and amended sections 6606 and 6608. (Senate Bill No. 295 (2013-2014 Reg. Sess.).) In defendant's view, these amendments invalidate *McKee I*'s due process analysis and holding that the SVPA does not violate a defendant's due process rights. The same contention was recently addressed in *People v. Gray* (2014) 229 Cal.App.4th 285 (review den. Nov. 12, 2014) (*Gray*) under circumstances legally indistinguishable from those in the present case. Noting that the defendant was adjudged an SVP before Senate Bill 295's amendments took effect, *Gray* declined to review the contention, stating: "We are concerned with the constitutionality of the SVPA as it existed when [defendant] was adjudged an SVP, not the statutory scheme as it may or may not be applied to [defendant] in the future." (*Gray,* at p. 292.)

Defendant candidly acknowledges "that there is nothing about [his] case that makes it ripe when it was not ripe in *Gray*," he simply believes *Gray* was wrongly decided. We agree that the analysis and circumstances in the instant case are legally

3

indistinguishable from those in *Gray*. We agree with *Gray's* analysis and find it equally applicable to defendant.

## II

Defendant argues that we should not follow *McKee II's* holding because defendant has not been given the opportunity to present his own case on the equal protection issue and this court has not itself decided whether this defendant is being denied equal protection of the law. He also argues, for various reasons, *McKee II* was wrongly decided.

Regarding his first argument to the effect that defendant should have the opportunity to show the statutory scheme denies him, as an individual, equal protection of the law, we need only say we agree with the reasoning in *McKee II*. And, our refusal to follow *McKee II* would be contrary to the California Supreme Court's clear intent in remanding *McKee I* to the trial court for an evidentiary hearing on whether the People could justify the disparate treatment. As noted by *People v. McKnight* (2012) 212 Cal.App.4th 860 (rev. denied Mar. 13, 2013, S208182), in rejecting the same argument made by defendant: "*McKee I* recognized that the People could attempt to justify the [SVPA's] disparate impact in a variety of ways, and that these included showing that SVP's as a class are significantly more likely to reoffend than MDO's or NGI's, showing they pose a greater risk to children (in which case the equal protection analysis would apply only to child predators), or by other, unspecified means. [Citation.] In light of that recognition, the court transferred the multiple 'grant and hold' cases under *McKee I*, including this one, to the Courts of Appeal with directions to vacate their prior opinions and suspend further proceedings until the *McKee I* remand proceedings were final, '*in order to avoid an unnecessary multiplicity of proceedings.*' " (*McKnight*, at p. 863; see, e.g., *People v. Johnson*, review granted Aug. 13, 2008, S164388; *People v. Riffey*, review granted Aug. 20, 2008, S164711; *People v. Boyle*, review granted Oct. 1,

4

2008, S166167; *People v. Garcia*, review granted Oct. 16, 2008, S166682; *People v. Glenn,* review granted Feb. 10, 2010, S178140.)  "On remand, *McKee* concluded that differences between *SVP's as a class* and other offenders justify their different treatment under the [SVPA].  It is plain that *McKee II* is not to be restricted to Mr. McKee alone or only to those SVP's convicted of crimes against children, like him, but rather its holding applies to the class of SVP's as a whole."  (*McKnight*, at pp. 863-864; in accord *People v. McDonald* (2013) 214 Cal.App.4th 1367, 1378.)

Accordingly, we conclude that the purpose of the California Supreme Court's remanding *McKee I* for an evidentiary hearing and its directive that to "avoid an unnecessary multiplicity of proceedings" that trial courts were to await the finality of *McKee I* was a clear indication by the court that the proceedings in *McKee I* and *McKee II* would resolve the issue as a matter of law for all SVP's, and not just for defendant McKee.

Accordingly, we reject defendant's argument.

DISPOSITION

The order committing defendant Brian Roddan to the State Department of State Hospitals for an indeterminate term is affirmed.


                                        HULL            , Acting P. J.


We concur:



      BUTZ            , J.



      HOCH            , J.

5