Filed 9/17/13  P. v. Whitlock CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY LEE WHITLOCK,<br><br>    Defendant and Appellant. | D063101<br><br><br>(Super. Ct. No. MH99997) |

APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Anthony Lee Whitlock was committed for an indeterminate term to the custody of the State Department of Mental Health (DMH), now the State Department of State Hospitals, under the Sexually Violent Predator Act (SVPA).  (Welf. & Inst. Code, § 6600

et seq.)  Whitlock appeals, contending that treating sexually violent predators (SVP's) differently from mentally disordered offenders (MDO's) and those persons found not guilty by reason of insanity (NGI's) violates his constitutional right to equal protection, that we failed to apply the correct standard of review and strict scrutiny requirements, and that the amended SVPA violates due process, ex post facto, and double jeopardy provisions.  We have considered these arguments in light of our Supreme Court's opinion in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*), and this court's final opinion on remand in the same case, *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*). Based on these opinions, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2002 the court found Whitlock to be an SVP within the meaning of the SVPA and he was committed to the DMH for a two-year term.[1]  After additional court proceedings, his term was extended for a successive two-year term until September 2006. In 2006 the People filed a petition seeking to commit Whitlock for an indeterminate term.[2]  He had a trial in 2007 but the jury was unable to reach a verdict.  In 2009 a jury

---

[1]     The parties stipulated Whitlock had previously been convicted of and had served prison terms for committing the 1989 and 1994 qualifying sexually violent offenses under the SVPA.

[2]     In November 2006 California voters passed Proposition 83, entitled "The Sexual Predator Punishment and Control Act:  Jessica's Law" amending the SVPA effective November 8, 2006.  (*McKee I*, *supra*, 47 Cal.4th at p. 1183.)  Proposition 83 changed an SVP commitment from a two-year term to an indefinite commitment and shifted the burden of proof for release to the SVP (*id.* at pp. 1183-1184), unless the DMH authorizes a petition for release (*id.* at p. 1187).  In contrast, an MDO is committed for a one-year period and thereafter has the right to be released unless the People prove beyond a

found Whitlock to be an SVP and he was involuntarily committed for an indeterminate term under the SVPA.

Whitlock appealed the 2009 commitment order on several grounds.[3]  We rejected Whitlock's contentions, except for his challenge to the indeterminate commitment on equal protection grounds.  Based on *McKee I*, which held that the 2006 amendments to the SVPA may violate equal protection (*McKee I*, *supra*, 47 Cal.4th at p. 1184), we reversed and remanded to the trial court with directions to suspend further proceedings pending finality of the proceedings on remand in *McKee I*.[4]  In July 2012 we issued our opinion in *McKee II*, upholding the constitutionality of the amended SVPA on equal protection grounds.  The Supreme Court denied review (*McKee II*, *supra*, 207 Cal.App.4th 1325, review den. Oct. 10, 2012, S204503), rendering the opinion final, and the trial court subsequently re-imposed the order for Whitlock to be committed to an indeterminate term.

DISCUSSION

*I.  Equal Protection*

reasonable doubt that he or she should be recommitted for another year.  (Pen. Code, § 2972.)

[3]     By order of April 19, 2013, this court took judicial notice of the record in Whitlock's previous appeal (*People v. Whitlock* (Sept. 23, 2010, D054774) [nonpub. opn.]).

[4]     The Supreme Court remanded in *McKee I* for an evidentiary hearing on whether disparate treatment for SVP's is justified.  The court transferred "grant and hold" cases under *McKee I* to the Courts of Appeal with directions to vacate their prior opinions and reconsider in light of *McKee I*.  The order expressed a desire to avoid unnecessary multiplicity of proceedings and directed this court to suspend further proceedings pending finality of the proceedings in *McKee I*.

Whitlock's constitutional argument focuses primarily on whether the amended SVPA violates equal protection. Whitlock challenges our decision in *McKee II*, arguing we misunderstood and misapplied both the standard of review and the strict scrutiny test.

In *McKee I*, the Supreme Court held the SVPA is subject to equal protection analysis because it "treats SVP's significantly less favorably than those similarly situated individuals civilly committed under other statutes" including MDO's and NGI's. (*McKee I*, *supra*, 47 Cal.4th at pp. 1196, 1203, 1207.) Since individuals within each of these categories "have the same interest at stake—the loss of liberty through involuntary civil commitment—it must be the case that when society varies the standard and burden of proof for SVP's . . . , it does so because of the belief that the risks involved with erroneously freeing SVP's from their commitment are significantly greater than the risks involved with freeing" other civil committees. (*Id.* at p. 1204.)

The Supreme Court remanded the case for a hearing on whether the People could justify disparate treatment for SVP's. The court instructed: "It must be shown that, notwithstanding the similarities between SVP's and [other civil committees], the former as a class bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society. This can be shown in a variety of ways. For example, it may be demonstrated that the inherent nature of the SVP's mental disorder makes recidivism as a class significantly more likely. Or it may be that SVP's pose a greater risk to a particularly vulnerable class of victims, such as children. . . . Or the People may produce some other justification." (*McKee I*, *supra*, 47 Cal.4th at p. 1208, fn. omitted.)

4

After remand, the superior court conducted a 21-day evidentiary hearing on the justification of disparate treatment for SVP's and concluded the People had met their burden. On appeal, we reviewed the matter de novo, which was the correct standard of review. (*McKee II*, *supra*, 207 Cal.App.4th at p. 1338.) Whitlock contends we applied the substantial evidence test instead of de novo review. He is mistaken. In *McKee I*, he singles out the reference to " ' "reasonable inferences based on substantial evidence" ' " without reading the context of the passage: "When a constitutional right, such as the right to liberty from involuntary confinement, is at stake, the usual judicial deference to legislative findings gives way to *an exercise of independent judgment* of the facts to ascertain whether the legislative body ' "has drawn reasonable inferences based on substantial evidence." ' " (*McKee I*, *supra*, 47 Cal.4th at p. 1206, italics added.) In *McKee II*, we concluded "[t]he People have shown 'that the inherent nature of the SVP's mental disorder makes recidivism as a class significantly more likely[;] . . . that SVP's pose a greater risk [and unique dangers] to a particularly vulnerable class of victims, such as children'; and that SVP's have diagnostic and treatment differences from MDO's and NGI's, thereby supporting a reasonable perception by the electorate . . . that the disparate treatment of SVP's under the amended [SVPA] is necessary to further the state's compelling interests in public safety and humanely treating the mentally disordered." (*McKee II*, *supra*, 207 Cal.App.4th at p. 1347.) The Supreme Court denied a petition for review, making *McKee II* final. (*McKee II*, review den. Oct. 10, 2012, S204503.)

This court has, of course, followed *McKee II*, and other Courts of Appeal have as well. (See, e.g., *People v. McDonald* (2013) 214 Cal.App.4th 1367, 1376-1382; *People*

5

*v. Landau* (2013) 214 Cal.App.4th 1, 47-48; *People v. McCloud* (2013) 213 Cal.App.4th 1076, 1085-1086; *People v. McKnight* (2012) 212 Cal.App.4th 860, 863-864.) While it is clear Whitlock believes the evidence relied on in *McKee II* is insufficient to justify disparate treatment of SVP's, we have carefully evaluated it and conclude otherwise.

Whitlock argues the strict scrutiny test requires that only the least restrictive means available to meet the state's compelling purpose will pass constitutional muster. He ignores, however, that the Supreme Court in *McKee I* did not require such a finding to justify disparate treatment of SVP's, and this court in *McKee II* expressly rejected that argument, concluding the least restrictive means available requirement applies only to disparate treatment of a suspect class. (*McKee II*, *supra*, 207 Cal.App.4th at p. 1349.) Our colleagues in Division Three also rejected the claim that strict scrutiny requires the least restrictive means: " '[I]n strict scrutiny cases, the government must show both a compelling state interest justifying the disparate treatment *and* that the disparate treatment is necessary to further that compelling state interest. [Citations.] We are unpersuaded . . . that Proposition 83 . . . was required to adopt the least restrictive means available.' " (*People v. McDonald*, *supra*, 214 Cal.App.4th at p. 1380, quoting *McKee II*, *supra*, 207 Cal.App.4th at p. 1349.) Whitlock's arguments fail to establish that the current version of the SVPA violates equal protection of the law.[5]

---

5    Whitlock also contends he should have an opportunity to litigate his case. He fails, however, to explain how the facts in his case are so different from those presented in *McKee II* as to warrant an individualized adjudication of his equal protection claim. "The Supreme Court's emphasis on classwide proof, together with its suspension of

6

*II.  Due Process, Ex Post Facto, and Double Jeopardy*

Solely for purposes of potential federal court review, Whitlock contends the SVPA

violates the federal constitution's due process, ex post facto, and double jeopardy clauses.

As he acknowledges, the California Supreme Court has decided against his position on

these points.  (*McKee I*, *supra*, 47 Cal.4th at pp. 1184, 1188-1195.)  *McKee I* is binding

on us.  (*Auto Equity Sales v. Superior Court* (1962) 57 Cal.2d 450, 455.)

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.

---

activity in grant-and-hold cases to avoid an unnecessary multiplicity of proceedings,
demonstrates to us the Supreme Court intended the equal protection challenge to the
[SVPA] be resolved on a classwide basis in a single case."  (*People v. McDonald*, *supra*,
214 Cal.App.4th at p. 1378.)  The People's evidence in *McKee II* addressed the
justifications for treating SVP's differently from MDO's and NGI's; the evidence
presented was not specific to the particular facts of McKee's crimes.