[No. C063911. Third Dist. Sept. 28, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD KISLING, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II, III and IV.

688

### COUNSEL

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

### OPINION

**MAURO, J.**—Richard Kisling appeals from a judgment committing him to the State Department of Mental Health (DMH) for an indefinite term following a jury finding that he was a sexually violent predator (SVP) within the meaning of the Sexually Violent Predators Act (Act; Welf. & Inst. Code, § 6600 et seq.).[1] Kisling contends the trial court failed to properly instruct the jury about a 1998 jury finding that he was not an SVP, and also failed to adequately inquire about potential juror misconduct. In addition, Kisling challenges the Act, asserting violations of due process, the ex post facto clause, cruel and unusual punishment, double jeopardy and equal protection. He further contends that Proposition 83, which amended the Act in 2006, violated the single-subject rule for ballot initiatives.

■ We reject all of Kisling's contentions except one. In *People v. McKee* (2010) 47 Cal.4th 1172 [104 Cal.Rptr.3d 427, 223 P.3d 566] (*McKee*), the California Supreme Court determined that the Act, as amended in 2006, may violate equal protection because SVP's are treated less favorably than mentally disordered offenders (MDO's) and those who have been adjudged not guilty of a crime by reason of insanity (NGI's). The California Supreme Court remanded that case to give the People an opportunity to justify the differential treatment of SVP's. In accordance with *McKee*, we reverse the judgment and remand this case for further proceedings on Kisling's equal protection claim. On remand, we direct the trial court to suspend further proceedings in this case pending finality of the proceedings in *McKee*.

### BACKGROUND

On February 9, 2007, the People filed a petition to commit Kisling as an SVP pursuant to sections 6600 et seq. Following a probable cause hearing, Kisling was tried by a jury to determine whether he should be civilly committed as an SVP.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

The People presented the expert testimony of two psychologists, Dr. Douglas Korpi and Dr. John Hupka. Korpi and Hupka testified about Kisling's history, including incidents that occurred after 1998 upon which they concluded that Kisling was an SVP as of the time of the 2009 trial. Korpi and Hupka diagnosed Kisling with antisocial personality disorder and the sexual disorder of paraphilia not otherwise specified. According to Korpi, paraphilia and antisocial personality disorder predisposed Kisling to commit a sexually violent offense because Kisling lacked the ability to empathize with his victims and to control his behavior. Hupka likewise testified that Kisling could not control acting out his sexual deviance. Korpi and Hupka opined that Kisling presented a serious and well-founded risk of reoffending in a sexually violent manner.

Kisling presented the expert testimony of Dr. John Podboy, a clinical and forensic psychologist. Podboy opined that Kisling did not have paraphilia. Podboy diagnosed Kisling with antisocial personality disorder, but opined that such condition was "in remission." Podboy opined that the risk that Kisling will reoffend in a sexually violent fashion was low.

Following 19 days of trial, the jury returned a verdict finding that Kisling was an SVP within the meaning of section 6600, subdivision (a). The trial court ordered Kisling committed to DMH for an indeterminate term for treatment and confinement in a secure facility. On December 9, 2009, Kisling filed a motion for new trial. The trial court denied the motion. Kisling appeals from the verdict and all orders and rulings associated with the trial.

## DISCUSSION

### I

Before addressing Kisling's appellate contentions, we provide an overview of the applicable statutes. The Act provides for the civil commitment of SVP's. (§ 6604.) An SVP is a person who (1) has been convicted of a sexually violent offense listed in section 6600, subdivision (b) against one or more victims and (2) has a diagnosed mental disorder that makes him or her a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior. (§ 6600, subd. (a)(1).)

As originally enacted in 1995, the Act "provided for the involuntary civil commitment for a two-year term of confinement and treatment of persons who, by a unanimous jury verdict after trial [citation], are found beyond a reasonable doubt to be an SVP [citation]. [Citations.] A person's commitment could not be extended beyond that two-year term unless a new petition was filed requesting a successive two-year commitment. [Citations.] On filing of a

recommitment petition, a new jury trial would be conducted at which the People again had the burden to prove beyond a reasonable doubt that the person was currently an SVP. [Citation.] . . . [¶] As originally enacted, an SVP was defined as 'a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.' [Citation.]" (*McKee, supra*, 47 Cal.4th at pp. 1185–1186, fns. omitted.)

■ "On November 7, 2006, California voters passed Proposition 83, entitled 'The Sexual Predator Punishment and Control Act: Jessica's Law' amending the Act effective November 8, 2006. Proposition 83 . . . change[d] the . . . Act by reducing the number of sexually violent offenses that qualify an offender for SVP status from two to one. [Citation.] Proposition 83 also change[d] an SVP commitment from a two-year term to an indefinite commitment." (*McKee, supra*, 47 Cal.4th at p. 1186.) "Proposition 83 did not change section 6604's requirement that a person's initial commitment as an SVP be proved at trial beyond a reasonable doubt. Under Proposition 83, section 6605 continues to require current examinations of a committed SVP at least once every year. (§ 6605, subd. (a).) However, Proposition 83 added new provisions to section 6605 regarding the DMH's obligations: ■ Pursuant to section 6605, subdivision (a), the DMH now files an annual report in conjunction with its examination of SVP's that 'shall include consideration of whether the committed person currently meets the definition of a[n] [SVP] and whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person and conditions can be imposed that would adequately protect the community.' Subdivision (b) now provides that '[i]f the [DMH] determines that either: (1) the person's condition has so changed that the person no longer meets the definition of a[n] [SVP], or (2) conditional release to a less restrictive alternative is in the best interest of the person and conditions can be imposed that adequately protect the community, the director shall authorize the person to petition the court for conditional release to a less restrictive alternative or for an unconditional discharge.' (§ 6605, subd. (b).) If the state opposes the [director-authorized] petition, then, as under the pre-Proposition 83 statute, it must prove beyond a reasonable doubt that the person still meets the definition of an SVP. [¶] In the event the DMH does *not* authorize the committed person to file a petition for release pursuant to section 6605, the person nevertheless may file, as was the case with the pre-Proposition 83 Act, a petition for conditional release for one year and subsequent unconditional discharge pursuant to section 6608. (§ 6608, subd. (a).) Section 6608, subdivision (i), which was also unamended by the Act, provides: 'In any hearing authorized by this section, *the petitioner shall have the burden of proof by a preponderance of*

*the evidence.*' (Italics added.) . . . [¶] In short, under Proposition 83, an individual SVP's commitment term is indeterminate, rather than for a two-year term as in the previous version of the Act. An SVP can only be released conditionally or unconditionally if the DMH authorizes a petition for release and the state does not oppose it or fails to prove beyond a reasonable doubt that the individual still meets the definition of an SVP, or if the individual, petitioning the court on his own, is able to bear the burden of proving by a preponderance of the evidence that he is no longer an SVP." (*McKee, supra,* 47 Cal.4th at pp. 1187–1188.)

II–IV[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V

Proposition 83 amended various provisions of the Penal Code that concern punishment, probation, parole, monitoring, and registration of sex offenders and the Welfare and Institutions Code concerning the civil commitment of SVP's. (Voter Information Guide, Gen. Elec. (Nov. 7, 2006) text of Prop. 83, pp. 127–138.) Kisling contends that Proposition 83 violated the single-subject rule found in article II, section 8 of the California Constitution[2] by impermissibly including criminal, civil, and regulatory matters. In Kisling's view, because the criminal laws concerning sex offenders are fundamentally different from civil commitments under the Act, Proposition 83 did not contain " 'a reasonable and common sense relationship among [its] various components in furtherance of a common purpose.' " Kisling's contentions lack merit.

■ The people's initiative power " ' " 'must be liberally construed . . . to promote the democratic process.' " ' " (*Brosnahan v. Brown* (1982) 32 Cal.3d 236, 241 [186 Cal.Rptr. 30, 651 P.2d 274], italics omitted.) Consistent with this principle, " ' " ' "[a]n initiative measure does not violate the single-subject requirement if, despite its varied collateral effects, *all of its parts are 'reasonably germane'* to each other," and to the general purpose or object of the initiative.' " [Citation.] As [the California Supreme Court] explained, "the single-subject provision does not require that each of the provisions of a measure effectively interlock in a functional relationship. [Citation.] It is enough that the various provisions are reasonably related to a common theme or purpose." [Citation.] Accordingly, we have upheld initiative measures

---

[*]See footnote, *ante,* page 687.

[2] Article II, section 8, subdivision (d) of the California Constitution provides, "An initiative measure embracing more than one subject may not be submitted to the electors or have any effect."

" 'which fairly disclose *a reasonable and common sense relationship among their various components in furtherance of a common purpose.*' " ' " (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 575 [117 Cal.Rptr.2d 168, 41 P.3d 3] (*Manduley*).)

In *Manduley, supra*, 27 Cal.4th 537 the defendants, who were charged with crimes under a statute amended by Proposition 21 (the Gang Violence and Juvenile Crime Prevention Act of 1998), asserted that Proposition 21 violated the single-subject rule. Proposition 21 addressed "the growing problem of juvenile and gang-related violent crime, the inability of the juvenile justice system to protect the public adequately from violent juvenile offenders . . . and the need to increase penalties for gang-related felonies." (27 Cal.4th at p. 574.) The proposition amended various Penal Code sections related to criminal gang activity and the three strikes law and Welfare and Institution Code sections related to the juvenile justice system. (*Ibid.*)

The defendants argued that the subjects addressed by Proposition 21 were distinct and unrelated to one another. (*Manduley, supra*, 27 Cal.4th at p. 575.) The California Supreme Court disagreed, finding that Proposition 21's provisions were reasonably germane to each other and to the proposition's general object of addressing the problem of violent crime committed by juveniles and gangs. (27 Cal.4th at pp. 575–579.) The court held that Proposition 21 did not violate the single-subject rule. (27 Cal.4th at p. 546.)

■ Here, Proposition 83 stated that California must monitor sex offenders, provide adequate penalties for and safeguards against sex offenders, strengthen and improve "laws that punish aggravated sexual assault, habitual sex offenders, and child molesters," and strengthen and improve "laws that provide for the commitment and control of sexually violent predators." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 83, p. 127.) The initiative's stated purpose was " 'to strengthen and improve the laws that punish and control sexual offenders.' " (*Bourquez v. Superior Court* (2007) 156 Cal.App.4th 1275, 1282 [68 Cal.Rptr.3d 142].) All of the provisions in Proposition 83 related to its stated purpose of strengthening laws that punish and control dangerous sexual predators. (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 83, p. 46 and text of Prop. 83, p. 127.) As can be seen in *Manduley, supra*, 27 Cal.4th at page 574, an initiative does not violate the single-subject rule merely because it amends two statutory schemes. (See *Brosnahan v. Brown, supra*, 32 Cal.3d at pp. 242–245, 253 [holding that Prop. 8 did not violate the single-subject rule even where it sought to amend the Const., Pen. Code, and Welf. & Inst. Code].) ■ Because the provisions of Proposition 83 were reasonably related to a common purpose and furthered that purpose, Proposition 83 did not violate the single-subject rule. (*Manduley, supra*, 27 Cal.4th at p. 575.)

Kisling contends that if we conclude that Proposition 83 violated the single-subject rule, his commitment for an indeterminate term cannot be upheld based on Senate Bill No. 1128 (2005–2006 Reg. Sess.) (the Sex Offender Punishment, Control, and Containment Act of 2006) (Stats. 2006, ch. 337) because Proposition 83 "superseded" Senate Bill No. 1128.[3] We conclude, however, that Proposition 83 did not violate the single-subject rule, and hence we need not address this contention.

## DISPOSITION

The judgment is reversed and the case is remanded to the trial court for reconsideration of Kisling's equal protection argument in light of *McKee, supra*, 47 Cal.4th 1172, and the resolution of the proceedings on remand in *McKee*, including any proceeding in the San Diego County Superior Court in which *McKee* may be consolidated with related matters. The trial court shall suspend further proceedings in this case pending finality of the proceedings on remand in *McKee*. "Finality of the proceedings" shall include the finality of any subsequent appeal and any proceedings in the California Supreme Court. In all other respects, the order of commitment is affirmed.

Raye, P. J., and Robie, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 21, 2011, S197481. Werdegar, J., did not participate therein.

---

[3] Article II, section 8, subdivision (d) of the California Constitution applies to "initiative measures" only. (*Hernandez v. County of Los Angeles* (2008) 167 Cal.App.4th 12, 22 [84 Cal.Rptr.3d 10].) Article II, section 8, subdivision (d) does not apply to statutes passed by the Legislature. (Cal. Const., art. II, § 8, subd. (d).)