Filed 1/28/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072497 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F02348) |
| v. | |
| RICHARD KISLING, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Kevin J. McCormick, Judge.  Affirmed.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Defendant and Appellant.

Defendant Richard Kisling appeals from an order of the Sacramento County Superior Court, made after judgment, determining he was not entitled to a hearing on whether his indeterminate commitment as a sexually violent predator violated his equal

1

protection rights, because that issue had been decided adversely to him by *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*). We agree that defendant is not entitled to such a hearing and affirm the order.

BACKGROUND

In 2009 a jury found defendant Richard Kisling was a sexually violent predator (SVP) within the meaning of the Sexually Violent Predators Act (Welf. & Inst. Code, § 6600 et seq.; hereafter SVPA)[1] and the trial court committed him to the State Department of Mental Health (now designated as the State Department of State Hospitals) for an indeterminate term.[2] Defendant appealed (C063911), contending, inter alia, that the indeterminate commitment violated the constitutional protections provided by the due process, ex post facto, and equal protection clauses of the United States and California Constitutions.

While defendant's appeal was pending, the California Supreme Court filed its decision in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*), which rejected defendant's constitutional arguments except as to the equal protection claim. (*Id.* at pp. 1193-1195.) As to equal protection, *McKee I* held that SVP's were similarly situated to mentally disordered offenders (MDO's) and to persons found not guilty by reason of insanity (NGI's) regarding the length of their commitments (one year for MDO's, two years for NGI's). (*McKee I, supra*, at pp. 1201, 1203-1207.) *McKee I* remanded the matter to the San Diego County Superior Court to afford the People the opportunity to justify the disparate treatment, a point which had not been addressed by the trial court. (*Id*. at pp. 1208-1211.)

---

[1]     References to undesignated sections are to the Welfare and Institutions Code.

[2]     We take judicial notice of our records in defendant's prior appeal (C063911).

On September 28, 2011, in *People v. Kisling* (2011) 199 Cal.App.4th 687 (*Kisling*), which was certified for partial publication, we rejected all of defendant's constitutional contentions under the authority of *McKee I*, except for his equal protection argument. (*Kisling, supra,* at p. 690.) As to that contention, consistent with *McKee I* remands in other cases, we reversed the judgment and remanded defendant's case to the trial court for further potential proceedings on his equal protection argument. Also in light of *McKee I*, we directed the trial court to suspended further proceedings in this case pending finality of the proceedings in *McKee I*'s remand. (*Kisling, supra,* at p. 695.)

Following an evidentiary hearing, the San Diego County Superior Court concluded the People had met their burden of justifying the disparate treatment in McKee's case and that determination was upheld by the Fourth Appellate District in *McKee II*, *supra*, 207 Cal.App.4th 1325, filed July 24, 2012.[3] *McKee II* became final on October 10, 2012, when the California Supreme Court denied review.

On October 19, 2012, the trial court in the present case entered a written order, entitled "Order Re: Remittitur From Third District Court Of Appeal," refusing to permit defendant to challenge his indeterminate commitment on grounds of violation of equal protection because that issue had been decided adversely to him by *McKee I* and "[u]nder *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, this [trial] court is now bound by the decision in [*McKee II*]."

---

[3] *McKee II* "conclude[d] the trial court correctly found the People presented substantial evidence to support a reasonable perception by the electorate that SVP's present a substantially greater danger to society than do MDO's and NGI's, and therefore the disparate treatment of SVP's under the [SVPA] is necessary to further the People's compelling interests of public safety and humane treatment of the mentally disordered." (*McKee II, supra,* at pp. 1330-1331.)

Defendant argues that *McKee II* is not binding on this court and that we should not follow *McKee II* because that case applies only to defendant McKee, that due process requires that defendant be given the opportunity to present his own case on the equal protection issue; and that *McKee II* used the wrong standard for review.

While we recognize that we are not bound to follow *McKee II* (see *Jessen v. Mentor Corp.* (2008) 158 Cal.App.4th 1480, 1489, fn. 10 [" 'there is no "horizontal stare decisis" within the Court of Appeal' "])*,* we not only agree with the reasoning in *McKee II*, but also conclude that to not follow *McKee* II would be contrary to the California Supreme Court's clear intent in remanding *McKee I* to the trial court for an evidentiary hearing on whether the People could justify the disparate treatment.  As noted by *People v. McKnight* (2012) 212 Cal.App.4th 860, in rejecting the same argument made by defendant herein:  "*McKee I* recognized that the People could attempt to justify the [SVPA's] disparate impact in a variety of ways, and that these included showing that SVP's as a class are significantly more likely to reoffend than MDO's or NGI's, showing they pose a greater risk to children (in which case the equal protection analysis would apply only to child predators), or by other, unspecified means.  [Citation.]  In light of that recognition, the court transferred the multiple 'grant and hold' cases under *McKee I*, including this one, to the Courts of Appeal with directions to vacate their opinions and suspend further proceedings until the *McKee I* remand proceedings were final, 'in order to avoid unnecessary multiplicity of proceedings.'  (See *People v. Johnson*[, review granted Aug. 13, 2008, S164388]; *People v. Riffey*[, review granted Aug. 20, 2008, S164711]; *People v. Boyle*[, review granted Oct. 1, 2008, S166167]; *People v. Garcia*[, review granted Oct. 16, 2008, S166682] . . . .)"  (*People v. McKnight, supra,* at pp. 863-864, italics omitted; accord, *People v. McDonald* (2013) 214 Cal.App.4th 1367, 1378 ["The Supreme Court's emphasis on classwide proof, together with its suspension of activity in grant-and-hold cases to avoid an unnecessary multiplicity of proceedings,

4

demonstrates to us the Supreme Court intended the equal protection challenge to the [SVPA] be resolved on a classwide basis in a single case"].)

Based upon the foregoing authority, we agree the Supreme Court intended for the remanded proceedings in *McKee I* to be, as a matter of law, dispositive in all cases on the issue of whether the disparate treatment between SVP's and MDO's/NGI's was justifiable, and because *McKee II* decided that issue adversely to defendants, there was no basis in the present case for a hearing on the matter.[4]

DISPOSITION

The order committing Richard Kisling to the State Department of State Hospitals for an indeterminate term is affirmed.

      NICHOLSON     , Acting P. J.

We concur:

      ROBIE       , J.

      DUARTE     , J.

---

[4]    Defendant also contends the indeterminate term provided by the amendment violated the constitutional protections provided by the due process, ex post facto, and double jeopardy clauses. Defendant acknowledges his arguments on these points were rejected in *McKee I*, but he is raising them for potential future federal review. We consider the issues as having been raised and reject them.

5