Filed 5/9/14  P. v. Seeboth CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072990 |
| Plaintiff and Respondent, | (Super. Ct. No. CR66404) |
| v. | |
| TIMOTHY SEEBOTH, | |
| Defendant and Appellant. | |

Defendant Timothy Seeboth appeals from an order of the Sacramento County Superior Court, made after judgment, determining he was not entitled to a hearing on whether his indeterminate commitment as a sexually violent predator violated his equal protection rights because that issue had been decided adversely to him by *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*).  We agree defendant is not entitled to such a hearing and affirm the order.

1

BACKGROUND[1]

Defendant was initially committed as a sexually violent predator (SVP) within the meaning of the Sexually Violent Predator Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.)[2] in September 1997. Following a jury trial in 2010, the trial court ordered him committed to the State Department of Mental Health (now designated as the State Department of State Hospitals) for an indeterminate term. Defendant appealed contending, inter alia, that the indeterminate commitment violated the constitutional protections provided by the due process, ex post facto, and equal protection clauses of the United States and California Constitutions.

While defendant's appeal was pending, the California Supreme Court filed its decision in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*), which rejected defendant's constitutional arguments except as to the equal protection claim. (*Id.* at pp. 1193-1195.) As to equal protection, *McKee I* held that SVP's were similarly situated to mentally disordered offenders (MDO's) and to persons found not guilty by reason of insanity (NGI's) regarding the length of their commitments (one year for MDO's, two years for NGI's). (*McKee I, supra*, at pp. 1201, 1203-1207.) *McKee I* remanded the matter to the San Diego County Superior Court to afford the People the opportunity to justify the disparate treatment, a point which had not been addressed by the trial court. (*Id.* at pp. 1208-1211.)

On August 30, 2011, by unpublished opinion in *People v. Seeboth* (Aug. 30, 2011, C066287) [nonpub. opn.] (*Seeboth*), we rejected defendant's constitutional contentions under the authority of *McKee I*, except for his equal protection argument. (*Seeboth, supra,* at pp. 5-6.) As to that contention, consistent with *McKee I* remands in other cases,

---

[1]     We take judicial notice of our records in defendant's prior appeal in case No. C066287. (Evid. Code, § 452, subd. (d).)

[2]     Undesignated statutory references are to the Welfare and Institutions Code.

we reversed the judgment and remanded the case to the trial court for further potential proceedings on defendant's equal protection argument. (*Ibid.*) Also in light of *McKee I*, we directed the trial court to suspend further proceedings in this case pending finality of the proceedings in *McKee I*'s remand. (*Ibid.*)

Following the evidentiary hearing required by *McKee I*, the San Diego County Superior concluded that the People had met their burden of justifying the disparate treatment and that determination was upheld by the Fourth District Court of Appeal in *McKee II, supra,* 207 Cal.App.4th at page 1325, filed July 24, 2012.[3] *McKee II* became final on October 10, 2012, when the California Supreme Court denied review.

On December 6, 2012, the trial court in the present case entered a written order entitled, "Order Re: Remittitur From Third District Court Of Appeal." That order refused to permit defendant to challenge his indeterminate commitment on grounds of violation of equal protection because that issue was decided adversely to him by *McKee I* and "[u]nder *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, this [trial] court is now bound by the decision in [*McKee II*]."

DEFENDANT'S ARGUMENTS ON APPEAL

Defendant argues that *McKee II* is not binding on this court, that we should not follow *McKee II* because that case applies only to defendant McKee, that due process requires defendant be given the opportunity to present his own case on the equal protection issue, and that *McKee II* used the wrong standard for review.

---

**3**     *McKee II* "conclude[d] the trial court correctly found the People presented substantial evidence to support a reasonable perception by the electorate that SVP's present a substantially greater danger to society than do MDO's and NGI's, and therefore the disparate treatment of SVP's under the [SVPA] is necessary to further the People's compelling interests of public safety and humane treatment of the mentally disordered." (*McKee II, supra,* 207 Cal.App.4th at pp. 1330-1331.)

3

In *People v. Kisling* (2014) 223 Cal.App.4th 544, we addressed and rejected each of defendant's arguments. For the same reasons set forth therein, we continue to reject them.

DISPOSITION

The order committing Timothy Seeboth to the California Department of State Hospitals for an indeterminate term is affirmed.

                                                                     _____NICHOLSON_____, Acting P. J.

We concur:

_____ROBIE_____, J.

_____DUARTE_____, J.