Filed 5/20/14  P. v. Rodriguez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>EDWARD RODRIGUEZ,<br><br>  Defendant and Appellant. | H039885<br>(Santa Clara County<br>Super. Ct. No. 211203) |

Defendant Edward Rodriguez appeals from an order involuntarily committing him as a sexually violent predator (SVP).  On appeal, he contends that his indeterminate commitment under the SVP Act (Welf. & Inst. Code, § 6600 et seq.) violates his right to equal protection of the laws.  As set forth below, we will affirm.

### BACKGROUND

On July 24, 2003, defendant was convicted of committing a lewd or lascivious act on a child under age 14 (Pen. Code, § 288, subd. (a)) and assault with intent to commit a lewd or lascivious act on a child (Pen. Code, § 220).  Subsequently, on December 24, 2007, the Santa Clara County District Attorney filed a petition to involuntarily commit defendant as an SVP.  On June 10, 2013, the trial court found the petition to be true, and it ordered defendant to be committed for an indeterminate term.

### DISCUSSION

The SVP Act mandates commitment "for an indeterminate term" when an individual is found to be an SVP. (Welf. & Inst. Code, § 6604.) Defendant contends that his indeterminate commitment under the SVP Act violates his right to equal protection of the laws because other civilly committed individuals—namely, mentally disordered offenders (MDO's) and those found not guilty by reason of insanity (NGI's)—are committed for determinate periods.

This issue has been widely litigated. It reached the California Supreme Court in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*). In *McKee I*, the defendant argued that indeterminate commitment under the SVP Act violates equal protection guarantees because other civilly committed individuals, such as MDO's and NGI's, are subject to commitment for determinate periods with greater procedural protections. (*Id.* at pp. 1196, 1200-1202, 1207.) *McKee I* held that SVP's are similarly situated to MDO's and NGI's for equal protection purposes, but it concluded that the record was insufficient to determine whether a justification exists for treating SVP's differently from MDO's and NGI's. (*Id.* at pp. 1203-1207.) *McKee I* therefore remanded the case to the San Diego Superior Court with directions to hold an evidentiary hearing and determine whether the disparate treatment of SVP's is justified. (*Id.* at pp. 1208-1209.)

On remand, the San Diego Superior Court conducted an evidentiary hearing and ruled that the People had demonstrated a constitutionally sufficient justification for treating SVP's differently from MDO's and NGI's. (*People v. McKee* (2012) 207 Cal.App.4th 1325, 1331 (*McKee II*).) The superior court's order was affirmed by the Fourth Appellate District in *McKee II, supra,* 207 Cal.App.4th 1325, 1350. The Supreme Court denied review of *McKee II.*

Here, defendant contends that the Fourth Appellate District improperly evaluated the evidence and erroneously concluded that indeterminate commitment under the SVP Act does not violate equal protection guarantees. He therefore urges us to reevaluate the evidence presented in the San Diego Superior Court, reject the *McKee II* holding, and

2

conclude that indeterminate commitment under the SVP Act does in fact violate equal protection principles.  As explained below, we decline defendant's invitation to reject *McKee II*.

Ordinarily the opinion of one Court of Appeal is not binding on another Court of Appeal.  (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 498, p. 558.)  "However, there is a tendency for a Court of Appeal to follow decisions from . . . other districts or divisions."  (9 Witkin, *supra,* Appeal, § 498, p. 560.)  "Normally, a Court of Appeal will follow prior decisions of . . . other districts or divisions."  (9 Witkin, *supra,* Appeal, § 499, p. 560)  Given the peculiar nature of defendant's claim—he asks us to reevaluate evidence presented in a superior court over which we do not have jurisdiction—we are inclined to adhere to the general tendency and follow the Fourth Appellate District's holding in *McKee II.*  Indeed, we are aware of no procedural principle, and defendant provides none, that permits us to evaluate the evidence presented in the San Diego Superior Court and reach a contrary conclusion to that of the Fourth Appellate District.

The Supreme Court's denial of review in *McKee II* supports our inclination to follow the *McKee II* holding.  We construe the Supreme Court's denial of review as an endorsement of *McKee II.*  The Supreme Court itself has stated that when it denies a petition for review, that ruling is not "without significance."  *(Di Genova v. State Board of Education* (1962) 57 Cal.2d 167, 178.)

Moreover, it appears that "the Supreme Court intended for the remanded proceedings in *McKee I* to be, as a matter of law, dispositive in all cases on the issue of whether the disparate treatment between SVP's and MDO's/NGI's [is] justifiable." (*People v. Kisling* (2014) 223 Cal.App.4th 544, 548 (*Kisling*).)  Specifically, "*McKee I* recognized that the People could attempt to justify the [SVP Act's] disparate impact in a variety of ways, and that these included showing that SVP's *as a class* are significantly more likely to reoffend than MDO's or NGI's, showing they pose a greater risk to children . . . , or by other, unspecified means. [Citation.]  In light of that recognition, the

3

[Supreme] Court transferred the multiple 'grant and hold' cases under *McKee I* . . . to the Courts of Appeal with directions to vacate their prior opinions and suspend further proceedings until the *McKee I* remand proceedings were final, '*in order to avoid an unnecessary multiplicity of proceedings*.' [Citations.]" (*People v. McKnight* (2012) 212 Cal.App.4th 860, 863, first italics added.) "The Supreme Court's emphasis on classwide proof, together with its suspension of activity in grant-and-hold cases to avoid an unnecessary multiplicity of proceedings, demonstrates to us the Supreme Court intended the equal protection challenge to the [SVP Act] be resolved on a classwide basis in a single case." (*People v. McDonald* (2013) 214 Cal.App.4th 1367, 1378.) Thus, "to not follow *McKee II* would be contrary to the California Supreme Court's clear intent in remanding *McKee I* to the trial court for an evidentiary hearing on whether the People could justify the disparate treatment." (*Kisling, supra,* 223 Cal.App.4th at p. 548.)

Accordingly, for the foregoing reasons, we cannot conclude that indeterminate commitment under the SVP Act violates equal protection guarantees. We therefore must affirm the order committing defendant for an indeterminate term.

### DISPOSITION

The order of commitment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

5