Filed 7/22/15  P. v. Raya CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GREGORIO ALONZO RAYA, <br><br> Defendant and Appellant. | F068623 <br><br> (Super. Ct. No. FP003544A) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P. J., Poochigian, J. and Peña, J.

# INTRODUCTION

Appellant Gregorio Alonzo Raya contends he was denied due process because on remand the trial court denied his equal protection argument based upon the holding of *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*) without holding an evidentiary hearing. We affirm the judgment.

# FACTUAL AND PROCEDURAL SUMMARY

Raya was committed to the State Department of Mental Health (now designated as the State Department of State Hospitals; hereafter DSH) on April 24, 2009, following a jury finding that he qualified as a sexually violent predator (SVP) within the meaning of the Sexually Violent Predators Act (SVPA; Welf. & Inst. Code, § 6600 et seq.).[1] Raya appealed the commitment order and in an unpublished decision (*People v. Raya* (July 7, 2010, F057532) [nonpub. opn.] (*Raya*)) this court stated in its disposition:

> "The order for commitment finding Raya to be an SVP within the meaning of section 6600 et seq. and committing him to the custody of the [DSH] is affirmed, except as to the commitment for an indeterminate term, which is reversed. The matter is remanded to the trial court for reconsideration of whether an indefinite commitment violates equal protection. The trial court, however, shall suspend further proceedings pending finality of the proceedings on remand in [*People v.*] *McKee* [(2010) 47 Cal.4th 1172 (*McKee I*)]."

Remittitur issued in case No. F057532 on September 22, 2010.

On January 14, 2011, the trial court suspended further proceedings in Raya's case pending finality of the proceedings on remand in *McKee I*.

On remand in *McKee I*, after an evidentiary hearing, it was determined by the trial court that the indeterminate term provisions of the SVPA did not violate equal protection.

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

On July 24, 2012, the appellate court affirmed the trial court's holding in *McKee II*. On October 10, 2012, the California Supreme Court denied review of *McKee II* (S204503).

On November 5, 2013, in Raya's case, the trial court summarily decided, based upon *McKee II*, that the SVPA did not violate principles of equal protection and affirmed Raya's commitment to DSH for an indeterminate term. No evidentiary proceeding was held. The order committing Raya as an SVP for an indeterminate term was signed and filed November 22, 2013.

## DISCUSSION

Raya's sole contention on appeal is that the trial court erred in not conducting an evidentiary hearing before concluding that an indeterminate term of commitment for SVP's does not violate equal protection. We reject his contention.

The California Supreme Court held in *McKee I, supra,* 47 Cal.4th 1172 that the SVPA, which had been amended to provide for an indeterminate commitment for SVP's, was potentially unconstitutional as a violation of equal protection because SVP's are similarly situated to mentally disordered offenders (MDO's) and to those determined to be not guilty by reason of insanity (NGI's), who are not subject to an indeterminate commitment. The California Supreme Court remanded the case to the trial court to allow the People to present evidence justifying the differential treatment and thus defeat the equal protection challenge. (*Id.* at pp. 1203, 1207-1211.)

In our unpublished opinion we did state that *McKee I* failed to "explain whether the justification [on remand] will be a one-time finding, forever applicable to all SVP's committed under the statutory scheme, or whether in every case there must be justification for treating a particular SVP differently than MDO's and NGI's." (*Raya, supra,* F057532.) In 2010, when our unpublished opinion was decided, this question was unanswered. Subsequently, the question has been answered by this court and other appellate courts, which hold that *McKee II* is a one-time finding.

3.

*McKee II* determined "whether there is substantial evidence, contradicted or uncontradicted, to support the legislative determination, and when two or more inferences can reasonably be deduced from the evidence, we are without power to substitute our deductions for those of the electorate or other legislative body." (*McKee II, supra,* 207 Cal.App.4th at p. 1339.) The appellate court in *McKee II* held that the People had met their burden of proving that the disparate treatment of SVP's was based on a reasonable perception SVP's posed greater and unique dangers, based on evidence showing the inherent nature of the SVP's mental disorder makes recidivism much more likely than for MDO's, victims of sex offenses suffer unique and generally greater trauma than victims of other offenses, and SVP's are significantly different than MDO's in diagnosis and treatment. (*Id.* at pp. 1335, 1340, 1342, 1344.)

In this court's opinion in *People v. Gray* (2014) 229 Cal.App.4th 285 (*Gray*), we noted that "Every published opinion to consider the issue has concluded the applicable version of the SVPA passes constitutional muster under the strict scrutiny test, and has found *McKee II* persuasive." (*Id.* at p. 291.) We then listed multiple published opinions and noted our agreement with these decisions. (*Ibid.*)

Among the decisions with which we expressly agreed in *Gray* were *People v. Kisling* (2014) 223 Cal.App.4th 544 (*Kisling*), *People v. McDonald* (2013) 214 Cal.App.4th 1367 (*McDonald*), *People v. McCloud* (2013) 213 Cal.App.4th 1076 (*McCloud*), and *People v. McKnight* (2012) 212 Cal.App.4th 860 (*McKnight*). Each of these decisions held that the holding in *McKee II* applied to all SVP's as a class and the indeterminate term of commitment for SVP's was not a violation of equal protection.

The Third District Court of Appeal in *Kisling* held that the California Supreme Court intended the holding in *McKee II* to be dispositive as a matter of law in all cases. (*Kisling, supra,* 223 Cal.App.4th at p. 548.) In *McDonald,* the Fourth District Court of Appeal held that *McKee II* resolves the issue on a classwide basis. (*McDonald, supra,* 214 Cal.App.4th at pp. 1377-1378.) The First District Court of Appeal in *McCloud*

similarly held that *McKee II* applies to all SVP's as a class. (*McCloud, supra,* 213 Cal.App.4th at p. 1086.) The First District also issued *McKnight,* holding that *McKee II* applies to all SVP's. (*McKnight, supra,* 212 Cal.App.4th at pp. 863-864.)

As did the appellate courts in *Kisling, McDonald, McCloud,* and *McKnight,* and this court in *Gray,* we conclude the provision of the SVPA that provides for an indeterminate term of commitment for SVP's is constitutional and the holding of *McKee II* is intended to be dispositive as a matter of law as to all SVP cases. Therefore, we reject Raya's claim that he was entitled to an evidentiary hearing after remand. (*Gray, supra*, 229 Cal.App.4th at pp. 291-292.)

## DISPOSITION

The November 22, 2013, commitment order is affirmed.