Filed 12/10/14  P. v. Carrell CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064480 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MH107184) |
| JOHN RAY CARRELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Following a second jury trial, John Ray Carrell was found to be a sexually violent predator within the meaning of Welfare and Institutions Code[1] sections 6600-6604. Carrell was committed to the Department of State Hospitals for an indeterminate term.

In an exhaustive brief, Carrell appeals contending the court erred in permitting the jury to hear the term "sexually violent predator" (SVP) and further contends this court's decision in *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*) finding indeterminate commitments for sexually violent predators did not violate equal protection was wrongly decided. He also contends the state Supreme Court was wrong when it determined that indeterminate commitment did not violate due process or the ex post facto clause of the federal Constitution (*People v McKee* (2010) 47 Cal.4th 1172 (*McKee I*)).

We will find the claim that a jury in a trial on whether a person is a SVP under the SVP Act cannot hear the term "sexually violent predator" is wholly without merit. We decline to revisit *McKee II, supra,* 207 Cal.App.4th 1325, and we will follow the decision of our Supreme Court in *McKee I, supra,* 47 Cal.4th 1172. Accordingly, we will affirm the judgment of the trial court.

## STATEMENT OF FACTS

Since Carrell does not challenge the sufficiency of the evidence, and does not actually challenge the admissibility of any evidence, except for his argument that juries should not be allowed to hear the actual term that is the basis of the commitment, we will

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

2

adopt the respondent's brief summary of the facts as to the prosecution's case. We will separately summarize the defense case.

*Prosecution Case*

At the start of trial, the parties stipulated that appellant had three prior convictions. In 1972, appellant was convicted of attempted rape and was sentenced to five years in prison. In 1987, he was convicted of rape by force and sentenced to 10 years in prison. In 1994, he was convicted of assault with intent to commit rape and was sentenced to 12 years in prison. In 2004, appellant was charged with forced oral copulation and forcible rape. He was convicted of assault with a deadly weapon and sentenced to 10 years in prison.

Dr. Harry Goldberg and Dr. Mark Wolkenhauer testified as expert psychologists for the prosecution. In conducting their evaluations to determine whether appellant was a SVP, Goldberg and Wolkenhauer reviewed appellant's criminal records, which included police and probation reports; his institutional records, which included the numerous rule violations he received in prison; and his biographical records which included information regarding his prior mental health issues. Both experts agreed that the 1987 and 1994 convictions were qualifying offenses. Goldberg stated that the 1972 conviction was also a qualifying offense. Appellant was also convicted of a number of nonsex related offenses and he committed a nonqualifying sex offense. In reviewing appellant's prison records, the experts noted that he had received numerous rule violations for displaying aggressive, sexually inappropriate, or violent behavior.

3

Goldberg and Wolkenhauer diagnosed appellant with antisocial personality disorder and alcohol use disorder. Both experts agreed appellant's antisocial personality disorder predisposed him to committing sexually violent predatory acts. Goldberg additionally diagnosed appellant with paraphilia; more specifically, with an attraction to nonconsensual sex. Goldberg opined that appellant's paraphilia also predisposed him to committing sexually violent and predatory acts.

Both experts used the Static-99R to determine appellant's likelihood of committing a sex offense in the future. They each scored appellant with a six, which placed him in the high risk category. Based on their evaluations, their individual clinical assessments, and appellant's high risk scores, Goldberg and Wolkenhauer opined that appellant was likely to reoffend in a sexually violent predatory manner and that he met the criteria to be deemed a SVP.

*Defense Evidence*

The defense presented evidence from Dr. Mary Jane Alumbaugh and Dr. Hy Malinek. Both doctors found that Carrell was not a SVP.

Defense witness Dr. Brian Abbott criticized the methodology used by the prosecution's experts.

DISCUSSION

I

*USE OF THE WORDS SEXUALLY VIOLENT PREDATOR*

In this trial to determine if Carrell was a SVP, defense counsel objected to any use of the term "sexually violent predator." Counsel contended the term was too emotionally

4

charged and its mere mention would cause jury prejudice. Not surprisingly, the trial court overruled Carrell's objection. As the court noted, the entire purpose of the trial was to determine if Carrell was proved to be a SVP. Not only is that term used in the definition of what must be proved, but it is a term used by both prosecution and defense experts in evaluating whether Carrell comes within the definition in the statute.

The trial court did agree to admonish the jury that it should not draw any assumptions from the use of the term. Carrell does not challenge the sufficiency of the court's directions to the jury.

Trial courts have a duty to advise the jury of the relevant legal principles necessary for a proper evaluation of the case. (*People v. Prettyman* (1996) 14 Cal.4th 248.) Using the defining language from a statute is an appropriate way to inform the jury about the definition of the offense. (*People v. Estrada* (1995) 11 Cal.4th 568, 574; *People v. Poggi* (1988) 45 Cal.3d 306, 327.)

We recognize the duty of appellate counsel to raise what she believes to be an arguable issue for reversal on appeal. However, we respectfully observe there is simply no merit to an argument that use of the defining term contained in the statute, and which term is the very definition of what must be proved, is inappropriate. We also find no abuse of discretion in overruling Carrell's objection. Thus, we find no error by the court in allowing the jury to hear and consider the language of the statute.

5

## II

### *EQUAL PROTECTION*

Carrell contends the application of an indeterminate term of confinement to persons found to be SVPs violates equal protection because other persons under other forms of civil commitment are not subject to an indeterminate period of restraint.  Carrell recognizes this issue has been before this court and resolved against him in our opinion in *McKee II*, *supra,* 207 Cal.App.4th 1325.  Carrell argues *McKee II* was wrongly decided and that we should revisit the issue in this case.  We respectfully decline to reconsider our *McKee II* opinion.  We believe the opinion is soundly reasoned and properly analyzed the record of the lengthy hearing conducted by the trial court on remand.  We note other courts have rejected the arguments made here by Carrell.  (*People v. McDonald* (2013) 214 Cal.App.4th 1367; *People v. McKnight* (2012) 212 Cal.App.4th 860.)

Applying our decision in *McKee II*, *supra,* 207 Cal.App.4th 1325, we reject Carrell's equal protection challenges to his indeterminate commitment.

## III

### *DUE PROCESS AND EX POST FACTO ARGUMENTS*

Carrell contends the imposition of an indeterminate commitment constitutes a violation of federal due process and violates the ex post facto clause of the federal constitution.  Carrell recognizes his arguments have been expressly rejected by our Supreme Court.  Carrell states he is raising these issues to preserve them for potential review.

We will follow the direction of our high court and find no merit to these challenges to his commitment.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

## DISPOSITION

The judgment is affirmed.

_____

HUFFMAN, J.

WE CONCUR:

_____

McCONNELL, P. J.

_____

AARON, J.

7